IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 705 INTERNATIONAL BROTHER-HOOD OF TEAMSTERS PENSION FUND, and JOSEPH BAKES, STEPHEN F.G. BRIDGE, JUAN CAMPOS, GREGORY R. FOSTER, WILLIAM KEENAN, JOHN NAUGHTON, STEPHEN E. POCZTOWSKI, and PHILLIP D. STANOCH, as Trustees, | |
| LOCAL 705 INTERNATIONAL BROTHER-HOOD OF TEAMSTERS HEALTH AND WELFARE FUND and JOSEPH BAKES, STEPHEN F.G. BRIDGE, JUAN CAMPOS, GREGORY R. FOSTER, WILLIAM KEENAN, JOHN NAUGHTON, STEPHEN E. POCZTOWSKI, and PHILLIP D. STANOCH, as Trustees, | CIVIL ACTION<br><br>NO.<br><br>JUDGE<br><br>Filed  RCC<br>Mar 14, 2008<br>Michael W. Dobbins<br>Clerk, U.S. District Court<br>08cv1532<br>Judge Lindberg<br>Mag. Judge Schenkier |
| Plaintiffs, | |
| vs. | |
| SPECIAL SERVICE COMPANY, INC., an Illinois corporation, | |
| Defendant. | |

## **C O M P L A I N T**

The Plaintiffs, LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND, and JOSEPH BAKES, STEPHEN F.G. BRIDGE, JUAN CAMPOS, GREGORY R. FOSTER, WILLIAM KEENAN, JOHN NAUGHTON, STEPHEN E. POCZTOWSKI, and PHILLIP D. STANOCH, as Trustees, and LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS HEALTH & WELFARE FUND, and JOSEPH BAKES, STEPHEN F.G. BRIDGE, JUAN CAMPOS, GREGORY R. FOSTER, WILLIAM KEENAN,

JOHN NAUGHTON, STEPHEN E. POCZTOWSKI, and PHILLIP D. STANOCH, as Trustees, by their attorneys, complaining of the Defendant, SPECIAL SERVICE COMPANY, INC., an Illinois corporation, allege as follows:

      1.      This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

      2.      Plaintiffs bring this action in their capacity as Trustees of LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND and LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS HEALTH & WELFARE FUND, which are "employee welfare benefit funds," and "plans," within the meaning of ERISA, Plaintiffs being the now-acting fiduciaries thereof administering said Plans within this District.

      3.      Defendant is an "Employer" within the meaning of ERISA, which is obligated to make fringe benefit contributions to Plaintiffs under the terms of the certain Trust Agreements pursuant to which Plaintiff Funds are maintained and/or pursuant to the terms of a collective bargaining agreement to which Defendant is obligated and to which Teamsters Local 705 is also obligated.

      4.      As an Employer obligated to make fringe benefit contributions to Plaintiffs under the Agreements and Declarations of Trust, Defendant is specifically required to do the following:

      (a)      To submit to Plaintiffs for each month a report stating the names, current addresses, social security numbers, and total number of hours worked in such month by each and every person on whose behalf contributions are required

    to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b)     To accompany the aforesaid reports with payment of contributions in the amount required by the collective bargaining agreement or participation agreement, due by the 10th day of the month following the month in which the work was performed;

(c)     To furnish to the Trustees, if requested, a statement showing (1) whether the organization is a corporation and, if so, the names of all of its officers; or (b) if not a corporation, a certificate stating that it is either a partnership or an individual proprietorship and the names of the partners or the name of the individual proprietor.

(d)     To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

(e)     To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages, in an amount to be fixed by the Trustees;

(f)     To deposit with the Trustees an advance payment guarantee as a condition of such Employer's participation, to be continuously maintained by such Employer, as a guarantee for the payment of monthly contributions and in an amount to be determined by the Trustees;

(g)     To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(h)     To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions, liquidated damages or interest;

(i)     To pay interest at the rate of eight (8%) percent per annum on the moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law.

5. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the Plans in the following respect:

>Defendant has failed and refused to submit all of its reports to Plaintiffs due to date and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs. Defendant is, therefore, subject to liquidated damages and interest, as authorized by the Trust Agreements.

6. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $23,940.00, known to be due Plaintiffs from Defendant, based upon Defendant's failure to submit all required reports, and subject further to the possibility that additional contributions, liquidated damages and interest will come due during the pendency of this lawsuit.

7. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed an refused to so perform.

8. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A) That Defendant be enjoined and ordered to submit all delinquent monthly Contribution Reports to Plaintiffs stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

(B) That Judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, and Plaintiffs' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

(C) That Defendant be permanently enjoined to perform specifically its obligations to Plaintiffs, and in particular, to continue submitting the required

reports and contributions due thereon to Plaintiffs in a timely fashion as required by the plans and by ERISA;

(D) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/   Patrick N. Ryan

Catherine M. Chapman
Stephen J. Rosenblat
Patrick N. Ryan
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-mail: pryan@baumsigman.com

I:\705j\Special Service Co\#20870\complaint.pnr.df.wpd