IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND, ET. AL.<br>Plaintiffs,<br>v.<br>SPECIAL SERVICE COMPANY, INC., an Illinois corporation,<br>Defendant. | Case NO. 08 C 1532<br><br>Judge Lindberg<br><br>Magistrate Judge Schenkier |

To: Patrick N. Ryan
Baum, Sigman, Auerbach & Neuman, Ltd.
200 West Adams Street
Suite 2200
Chicago, Illinois 60606-5231

### NOTICE OF FILING

Please take notice that on Monday, May 12, 2008, the attached Defendant's Answer to Plaintiff's Complaint was filed with the Clerk of the District Court for the Northern District of Illinois.

Respectfully Submitted,

By: s/Anthony S. Graefe
Anthony S. Graefe
Attorney for Defendant

Anthony S. Graefe
Graefe & Hansen, Ltd.
55 West Monroe, Suite 3550
Chicago, IL 60603
(312) 236-0177

### CERTIFICATE OF SERVICE

I, Anthony S. Graefe, an attorney, state that I caused the attached document to be served upon the above mentioned person via electronic delivery on this the 12th day of May, 2008.

s/Anthony S. Graefe

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND, ET. AL.<br>Plaintiffs,<br>v.<br>SPECIAL SERVICE COMPANY, INC., an Illinois corporation,<br>Defendant. | Case NO. 08 C 1532<br><br>Judge Lindberg<br><br>Magistrate Judge Schenkier |

ANSWER TO COMPLAINT

NOW COMES, the Defendant by and through its attorneys, Anthony S. Graefe and Mark Hansen, Graefe & Hansen, Ltd. and for its Answer to the Complaint states as follows:

1.  This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

    ANSWER: Defendant admits the allegations contained in paragraph 1.

2.  Plaintiffs bring this action in their capacity as Trustees of LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND and LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS HEALTH & WELFARE FUND, which are "employee welfare benefit funds," and "plans," within the meaning of ERISA, Plaintiffs being the now-acting fiduciaries thereof administering said Plans within this District.

    ANSWER: Defendant admits the allegations contained in paragraph 2.

3.  Defendant is an "Employer" within in the meaning of ERISA, which is obligated to make fringe benefit contributions to Plaintiffs under the terms of the certain Trust Agreements pursuant to which Plaintiff Funds are maintained and/or pursuant to the terms of a collective

bargaining agreement to which Defendant is obligated and to which Teamsters Local 705 is also obligated.

**ANSWER:** Defendant admits that its collective bargaining agreement obligates it to make contributions to Plaintiff Funds, but denies the remaining allegations contained in paragraph 3.

4. As an Employer obligated to make fringe benefit contributions to Plaintiffs under the Agreements and Declarations of Trust, Defendant is specifically required to do the following:

**ANSWER**: Defendant denies the allegations contained in paragraph 4.

a. To submit to Plaintiffs for each month a report stating the names, current addresses, social security numbers, and total number of hours worked in each month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

**ANSWER:** Defendant admits it is required to make a report each month, but denies the remaining allegations in paragraph 4a.

b. To accompany the aforesaid reports with payment of contributions in the amount required by the collective bargaining agreement or participation agreement, due by the 10th day of the month following the month in which the work was performed;

**ANSWER:** Defendant admits it is required to make payments, but denies the remaining allegations in paragraph 4b.

c. To furnish to the Trustees, if requested, a statement showing (1) whether the organization is a corporation and, if so, the names of all of its officers; or (b) if not a corporation, a certificate stating that it is either a partnership or an individual proprietorship and the names of the partners or the name of the individual proprietor.

**ANSWER:** Defendant denies the allegations contained in paragraph 4c.

 d. To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

**ANSWER:** Defendant admits it subject to being audited, but denies the remaining allegations in paragraph 4d.

 e. To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages, in an amount to be fixed by the Trustees;

**ANSWER:** Defendant denies the allegations contained in paragraph 4e.

 f. To deposit with the Trustees an advance payment guarantee as a condition of such Employer's participation, to be continuously maintained by such Employer, as a guarantee for the payment of monthly contributions and in an amount to be determined by the Trustees;

**ANSWER:** Defendant denies the allegations contained in paragraph 4f.

 g. To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required to be made to Plaintiffs;

**ANSWER:** Defendant denies the allegations contained in paragraph 4g.

 h. To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions, liquidated damages or interest;

**ANSWER:** Defendant denies the allegations contained in paragraph 4h.

    i.     To pay interest at the rate of eight (8%) percent per annum on the moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law.

**ANSWER:** Defendant denies the allegations contained in paragraph 4i.

5.     Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the Plans in the following respect:

    Defendant has failed and refused to submit all of its reports to Plaintiffs due to date and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs. Defendant is, therefore, subject to liquidated damages and interest, as authorized by the Trust Agreements.

**ANSWER:** Defendant avers that it currently has cash flow problems and is faced with unfair competition, and admits that it is late in making payments, but denies the remaining allegations in paragraph 5.

6.     That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $23,940.00, known to be due Plaintiffs from Defendant, based upon Defendant's failure to submit all required reports, and subject further to the possibility that additional contributions, liquidated damages and interest will come due during the pendency of this lawsuit.

**ANSWER:** Defendant admits it owes money to Plaintiff Funds, but denies the remaining allegations in paragraph 6.

7. Plaintiffs have requested that Defendant perform its obligation as aforesaid, but Defendant has failed an (sic) refused to so perform.

**ANSWER:** Defendant avers that it had informed Plaintiff Funds of its financial distress, and is making payments as it is able, and thus denies the allegations in paragraph 7.

8. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:** Defendant denies the allegations contained in paragraph 8.

WHEREFORE, Defendant requests that this honorable Court enter judgment in its favor and grant such other relief as the Court may find appropriate.

Respectfully submitted,

Special Service Company, Inc.

By: _____/s/Anthony S. Graefe_____
One of Defendant's attorneys

Anthony S. Graefe
Mark Hansen
Graefe & Hansen, Ltd.
55 West Monroe Street
Suite 3550
Chicago, IL 60603
(312) 236-0177