UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOCAL 705 BROTHERHOOD OF )
TEAMSTERS PENSION FUND, et al., )
)
        Plaintiffs, )
)
) No. 08 C 1532
    v. )
) Senior U. S. District Court Judge
) George W. Lindberg
SPECIAL SERVICE COMPANY, INC., )
)
        Defendant. )

**MEMORANDUM AND ORDER**

On March 14, 2008, plaintiffs Joseph Bakes, Stephen F.G. Bridge, Juan Campos, Gregory R. Foster, William Keenan, John Naughton, Stephen E. Pocztowski, and Phillip D. Stanoch (collectively the "Trustees"), and the Local 705 International Brotherhood of Teamsters Pension Fund and Local 705 International Brotherhood of Teamsters Health and Welfare Fund (collectively the "Funds"), filed a complaint bringing a claim against defendant, Special Service Company, Inc., pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132, 1145 ("ERISA"), alleging that defendant failed to pay employee welfare benefit fund contributions. Plaintiffs have moved for summary judgment seeking an award of the unpaid contributions, pre-judgment interest, liquidated damages, attorneys' fees, and costs. For the reasons stated below, plaintiffs' motion for summary judgment is granted.

The undisputed facts are as follows. Defendant is an "employer" within the meaning of ERISA and is obligated to make fringe benefit contributions to plaintiff Funds under the terms of a collective bargaining agreement with Local 705 of the International Brotherhood of Teamsters.

08 C 1532

A trust agreement created pursuant to the collective bargaining agreement named plaintiff Trustees as fiduciaries of the Funds. This agreement required defendant to contribute a specified amount to the Funds, per employee, for each day of work completed, and specified that contributions were to be made monthly and were due by the tenth day of the following month. The trust agreement provides for the assessment of interest charges at an annual rate of 8% and liquidated damages at a rate of 10% for late or unpaid contributions. Defendant made the contributions for the months of December 2007 through May 2008 late, and failed to make any contributions for the months of June 2008 through January 2009.

Summary judgment will be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The moving party bears the initial burden of demonstrating that no material issue exists for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion, the nonmoving party must offer specific facts demonstrating that a material dispute exists, and must present more than a scintilla of evidence to support its position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

In the instant case, defendant does not present any evidence to demonstrate that a genuine issue of material fact exists. Defendant admits it is obligated to make contributions, admits it made the December 2007 through May 2008 contributions late, and admits it failed to make any

2

contributions thereafter. However, defendant does raise an issue regarding the damages available to plaintiffs for these delinquencies. Defendant claims the liquidated damages provision in the applicable Trust Agreement and authorized under Section 1132(g)(2)(C) is an item of "special damages" that must be pled with specificity under Fed. R. Civ. P. 9(g). Defendant therefore argues plaintiffs' pleadings are defective because plaintiffs failed to plead in their complaint the specific percentage for the liquidated damages they are seeking.

In an ERISA action by a fiduciary or on behalf of a plan to enforce 29 U.S.C. § 1145, a court may award: (A) the amount of unpaid contributions; (B) interest on the unpaid contributions; (C) an additional amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under a trust fund agreement, but not in excess of 20 percent of the amount of unpaid contributions; (D) reasonable attorney's fees and costs of the action; and E) other legal or equitable relief as the court deems appropriate. *See* 29 U.S.C. § 1132(g)(2). Therefore, an award may consist of either double interest or both interest and liquidated damages. *See Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction Corp.*, 258 F.3d 645, 654 (7th Cir. 2001). Since such an award is inherently "arbitrary and inflexible rather than being an effort to estimate the likely damages to a particular fund in particular circumstances for particular delays" in payment, Section 1132(g)(2) is really a "penalty statute rather than a statute merely regulating contract damages." *Id*. On the other hand, "special damages" are defined as "damages that are unusual for the type of claim in question – that are not the natural damages associated with such a claim." *Linc Finance Corp. v. Onwuteaka*, 129 F.3d 917, 922 (7th Cir. 1997).

08 C 1532

Defendant claims in its brief that liquidated damages under Section 1132(g)(2)(C) are subject to Rule 9(g) because they are a penalty, and penalties are "more than a special damage." But Rule 9(g) does not require specificity in pleading liquidated damages, damages functioning as a penalty, or damages that are "more than a special damage." It only requires specific pleading of "special damages." *See* Fed. R. Civ. P. 9(g). Therefore, a request for liquidated damages under Section 1132(g)(2)(C) does not need to be pled with specificity under Rule 9(g).

Defendant primarily relies on *Action Repair, Inc. v. American Broadcasting Companies, Inc.*, 776 F.2d 143 (7th Cir. 1985), for its contention that plaintiffs should have pled with specificity the percentage rate for liquidated damages, and the basis for adopting the rate. However, *Action Repair* is a defamation case, not an ERISA case. *See* 776 F.2d at 145. Therefore it does not address whether liquidated damages under a penalty statute such as Section 1132(g)(2) must be pled with specificity under Rule 9(g).

**ORDERED**: Plaintiffs' motion for summary judgment [36] is granted. Judgment will be entered in favor of plaintiffs and against defendant in the amount of $472,364.08. This amount includes the unpaid contributions to the Funds, pre-judgment interest, and liquidated damages. Plaintiffs are given leave to file a petition seeking reasonable attorneys fees and costs on or before July 15, 2009.

ENTER:

*[signature: George W. Lindberg]*

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: July 8, 2009